# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| OCLC, Inc., | Case No. 2:22-cv-2470-JLG-KAJ |
| **Plaintiff,** | Judge James L. Graham |
| v. | Magistrate Judge Kimberly A. Jolson |
| CLARIVATE, PLC; CLARIVATE ANALYTICS (US) LLC; PROQUEST LLC; and EX LIBRIS (USA), INC., | |
| **Defendants.** | |

## PLAINTIFF OCLC, INC.'S MOTION FOR EXPEDITED DISCOVERY AND REQUEST FOR LOCAL RULE 65.1 CONFERENCE

Pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34, Plaintiff OCLC, Inc. ("OCLC") hereby requests that the Court issue an order establishing an expedited discovery schedule as to certain matters in this case and setting a conference pursuant to Local Rule 65.1 to discuss the proceedings on Plaintiff's Motion for Temporary Restraining Order And Preliminary Injunction being filed herewith.

Plaintiff seeks limited discovery on an expedited basis in order to further demonstrate that Defendants' tortious interference with OCLC's contractual and prospective business relationships with customers and their conspiracy to do the same are causing irreparable harm to Plaintiff.  A brief memorandum in support is attached.

Respectfully submitted,

*/s/ Traci L. Martinez*
Traci L. Martinez (0083989), Trial Attorney
Jeffrey M. Walker (0096567)
Kathryn M. Brown (0100426)
SQUIRE PATTON BOGGS (US) LLP

41 South High Street, Suite 2000
Columbus, Ohio 43215
Telephone: +1 614 365 2700
Facsimile: +1 614 365 2499
traci.martinez@squirepb.com
jeffrey.walker@squirepb.com
kathryn.brown@squirepb.com

Attorneys for Plaintiff OCLC, Inc.

## MEMORANDUM IN SUPPORT

Pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34, Plaintiff OCLC, Inc. ("OCLC") requests an order allowing expedited discovery of Defendants Clarivate, Plc, Clarivate Analytics (US) LLC, ProQuest LLC, and Ex Libris (USA), Inc. ("Defendants"). Plaintiff seeks expedited discovery to further develop the factual record relating to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

In order to prevent Defendants from inflicting irreparable damage on Plaintiff's business, Plaintiff seeks to enjoin Defendants from:

(i) further developing and/or marketing MetaDoor or any product or service that relies on utilizing the metadata and records developed, enhanced, and/or maintained by another entity such as OCLC's WorldCat® records and metadata;

(ii) contacting or communicating with OCLC WorldCat® Customers about MetaDoor;

(iii) requesting any OCLC WorldCat® records and metadata or records and metadata derived from the same; and

(iv) retaining, using, or making available to the public and/or MetaDoor customers any OCLC WorldCat® records and metadata or records and metadata derived from the same.

Plaintiff seeks expedited discovery relating to:

(i) Defendants' corporate structure, including Defendants' subsidiaries, affiliates, and related entities and those entities' involvement in the development, design, strategy, marketing, operations, implementation, and/or oversight of MetaDoor;

(ii) communications between any OCLC WorldCat® Customers/Members and Defendants about MetaDoor;

3

(iii) agreements between Defendants and OCLC WorldCat® Customers/Members related to MetaDoor;

(iv) OCLC WorldCat® Customers/Members that have downloaded, linked to, uploaded, and/or otherwise transferred their bibliographic records and/or associated metadata to Defendants and/or MetaDoor; and

(v) the design and operation of MetaDoor, including how records, bibliographic information, and/or metadata are submitted to, merged to, linked to, uploaded to, transferred to, indexed, scored and/or used by MetaDoor.

The proposed discovery is neither burdensome nor expansive and can reasonably be completed within a matter of weeks. Such discovery is essential to a timely and fair presentation of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

## LAW AND ARGUMENT

While the Federal Rules of Civil Procedure generally provide that a party may not initiate discovery before the Rule 26(f) conference, Rule 26(d) authorizes the Court to permit earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Rule 30 provides that district courts may allow a plaintiff "to take the deposition before the time specified in Rule 26(d)," and Rules 33 and 34 similarly grant district courts the authority to permit a party to serve discovery before the Rule 26(f) conference and to shorten the time a defendant has to respond to written discovery. Fed. R. Civ. P. 30(a)(2)(A)(iii), 33(b)(2), & 34(b)(2)(A). "Courts considering motions to expedite typically apply a 'good cause' standard." *Tri Cnty. Wholesale Distribs. v. Labatt USA Operating Co.*, LLC, No. 2:13-CV-317, 2013 U.S. Dist. LEXIS 200651, at *4 (S.D. Ohio Apr. 22, 2013) (citation omitted). "The movant may establish good cause by demonstrating that the need for expedited discovery, in consideration of the administration of

4

justice, outweighs the prejudice to the responding party." *Id.* at *4-5 (citation omitted). The interests of justice compel expedited discovery in this case.

Courts in the Sixth Circuit frequently permit expedited discovery in advance of preliminary injunction hearings so that the parties can gather evidence to support their motions. *See e.g., Ramsey v. Formica Corp.*, 398 F.3d 421, 423 (6th Cir. 2005) (permitting expedited discovery in advance of hearing on motion for temporary restraining order); *Tri Cnty. Wholesale Distribs.*, 2013 U.S. Dist. LEXIS 200651, at *6 (permitting expedited discovery in advance of hearing on motion for preliminary injunction); *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 U.S. Dist. LEXIS 126739, at *2 (S.D. Ohio June 2, 2009) ("Good cause is often found when there is a request for a preliminary injunction.") (citation omitted); *Deck v. City of Toledo*, 76 F.Supp.2d 816, 824 (N.D. Ohio 1999) (allowing expedited discovery to the gather evidence to support preliminary injunction motion).

Moreover, this Court will frequently grant expedited discovery where "the requested discovery is limited and narrowly tailored to this issue central to Plaintiffs' requested injunctive relief." *Russell v. Lumpkin*, No. 2:10-CV-00314, 2010 U.S. Dist. LEXIS 55243, at *1-2 (S.D. Ohio May 11, 2010); *see also Tri Cnty. Wholesale Distribs.,* 2013 U.S. Dist. LEXIS 200651, at *5 (allowing expedited discovery before preliminary injunction hearing on factual matters that "are uniquely within Defendant's knowledge").

Given the impending injury that will be sustained by Plaintiff if Defendants further develop and market MetaDoor, communicate with OCLC WorldCat® Customers about MetaDoor, request any OCLC WorldCat® records and metadata from OCLC customers, and retain, use, or make available to the public and/or MetaDoor customers any OCLC WorldCat® records and metadata, Plaintiff asks that it be allowed to issue discovery immediately and that

5

Defendants be required to respond to the discovery requests within 14 days of service.  Plaintiff has focused its proposed discovery at this stage on key facts uniquely within the Defendants' knowledge that relate to the issues presented in the Motion for Temporary Restraining Order and Preliminary Injunction.  Plaintiff's proposed discovery requests are attached as Exhibit A (to Clarivate, Plc), Exhibit B (to Clarivate Analytics (US) LLC), Exhibit C (to ProQuest LLC), and Exhibit D (to Ex Libris (USA), Inc.).  Plaintiff also requests that the Court enter an order requiring a corporate representative of Defendants Clarivate, Plc, Clarivate Analytics (US) LLC, ProQuest LLC, and/or Ex Libris (USA), Inc. to appear for a noticed deposition regarding the topics for expedited discovery indicated on the date and time in the attached Notice of Deposition (Exhibit E).

## CONCLUSION

For all of the foregoing reasons, Plaintiff OCLC respectfully requests that the Court grant its Motion for Expedited Discovery and schedule a Local Rule 65.1 conference as soon as practicable to discuss the scheduling of proceedings on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

Respectfully submitted,

*/s/ Traci L. Martinez*
Traci L. Martinez (0083989), Trial Attorney
Jeffrey M. Walker (0096567)
Kathryn M. Brown (0100426)
SQUIRE PATTON BOGGS (US) LLP
41 South High Street, Suite 2000
Columbus, Ohio 43215
Telephone: +1 614 365 2700
Facsimile: +1 614 365 2499
traci.martinez@squirepb.com
jeffrey.walker@squirepb.com
kathryn.brown@squirepb.com

Attorneys for Plaintiff OCLC, Inc.

6

## CERTIFICATE OF SERVICE

On June 13, 2022, this document was filed electronically with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties. Additionally, this document was sent by email to the following counsel for Defendant and will be served upon the parties with the summons and complaint in this matter:

Brian S. Weinstein
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
brian.weinstein@davispolk.com

Ashok Ramani
Davis Polk & Wardwell LLP
1600 El Camino Real
Menlo Park, CA 94025
ashok.ramani@davispolk.com

                                            */s/ Traci L. Martinez*
                                            One of the Attorneys for Plaintiff