**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **OCLC, Inc.,** | Case No. 2:22-cv-2470-JLG-KAJ |
| **Plaintiff,** | Judge James L. Graham |
| v. | Magistrate Judge Kimberly A. Jolson |
| **CLARIVATE, PLC,** *et al.*, | |
| **Defendants.** | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause, it is hereby stipulated that:

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in section 12.3, below, that this Order does not entitle them to file confidential information under seal; S.D. Ohio Civ. R. 5.2.1 sets forth the procedures that must be followed, and *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-06 (6th Cir. 2016)

("*Shane*"), sets forth the standards that will be applied when a party seeks permission from the court to file material under seal.

**2. DEFINITIONS**

2.1 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>.

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including any Non-Party that produces Disclosure or Discovery Material in this action, whether voluntarily or in response to a subpoena.

2.5 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter. Disclosure or Discovery Material produced in this action, irrespective of whether it is Protected Material (as defined below), may only be used for purposes of litigating this action.

2.6 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>: A Designating Party's extremely sensitive, highly confidential, non-public information, disclosure of which to a Party or another Non Party would create a substantial risk of significant competitive or business injury to the Designating Party that could not be avoided by less restrictive means.

2.8 <u>In-House Counsel</u>: Attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

2.11 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action, including any Non-Party that produces Disclosure or Discovery Material in this action, whether voluntarily or in response to a subpoena.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including Disclosure or Discovery Material produced in this action by a Non-Party, whether voluntarily or in response to a subpoena.

2.15 <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 <u>Requesting Party</u>:  A Party that requests Disclosure or Discovery Material from another Party or Non-Party.

**3.  SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at hearings on dispositive motions and at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to the specific Disclosure or Discovery Material that qualifies under the appropriate standards. The Designating Party must designate for protection only those documents, items, or oral or written communications that qualify—so that other documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If a Designating Party determines that information or items that it initially designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

5

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(b)     for testimony given in non-dispositive pretrial proceedings, that the Designating Party identify on the record, before the close of the proceeding, all Protected Material. For testimony given in deposition, during the first thirty (30) days after the transcripts are provided to counsel, all deposition transcripts in this action will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise explicitly recorded on the record at the deposition or in some other manner. Portions of depositions that deal with Protected Material must be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record during the deposition or in a writing served on all Parties during the first thirty (30) days after the transcripts are provided to counsel. However, for testimony given in a deposition as part of the expedited discovery preceding the scheduled preliminary injunction

hearing, designations shall be made on the record during the deposition or in writing served on all Parties during the first forty-eight (48) hours after receipt of the transcript being designated. Designation shall be made in writing and portions so designated shall be deemed Protected Material. To ensure appropriate steps can be taken to designate depositions as Protected Material, no Party shall divulge any portion of any deposition other than to a person listed in paragraph 7.3 prior to thirty (30) days after the deposition transcript has been provided to counsel. Once thirty days have passed after the transcript has been provided to counsel, any portions of deposition transcripts not expressly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be deemed not to contain Protected Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items, standing alone, does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The disagreeing parties shall attempt to resolve each challenge in good faith and must begin the process by conferring telephonically within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      During the expedited discovery period before the scheduled preliminary injunction hearing, the 14-day deadline to begin the meet-and-confer process does not apply, and the Parties will work in good faith to meet and confer on an expedited basis regarding any confidentiality challenge and only seek judicial intervention if the Parties are unable to resolve their dispute.

      6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall seek an informal telephone conference with the

Magistrate Judge in compliance with S.D. Ohio Civ. R. 37.1. If the challenge still cannot be resolved after the telephone conference with the Magistrate Judge, the Designating Party may file and serve a motion to retain confidentiality under S.D. Ohio Civ. R. 7.2 (and in compliance with S.D. Ohio Civ. R. 5.2.1, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, or within the deadlines ordered by the Court. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within the 21-day, 14-day, or court-ordered time period, shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, and subject to paragraph 7.4, below, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party or Non-Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the people and entities permitted to receive "CONFIDENTIAL" information as designated in paragraph 7.2 and in accordance with the requirements set forth in that paragraph and paragraph 7.4, except that "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items shall not be disclosed to the Receiving Party or a Receiving Party's officers, directors, managers, and employees, except for designated representatives from In-House Counsel for the Parties.

7.4 Nothing contained in this Order shall prevent any party from disclosing information designated as "Confidential" to any witness during a deposition or at trial. However, unless a deposition witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), no deposition witness may review or retain any information designated as "Confidential" before or after the deposition unless that witness meets the description of paragraph 7.2(f).

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with

this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Absent exigent circumstances (*e.g.*, where a universe of material was inadvertently produced as a result of a systemic vendor error), the Designating Party shall provide to the Receiving Party at the time of the clawback request all the information that normally would be reflected in a privilege log entry with respect to each document identified in the clawback request (as defined below).

11.2     The production of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, and regardless of care taken to prevent or rectify the disclosure, is not a waiver of the privilege or protection from discovery in this case or in any other federal proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502, shall supersede the tripartite non-waiver elements of Fed. R. Evid. 502(b), and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

      11.3    If a Party has produced information subject to a claim of privilege or immunity from disclosure without intending to waive the claim of privilege or immunity, upon discovery of such production, whether inadvertent or otherwise, the Producing Party shall request the return or destruction of such information (a "clawback request"), and shall use reasonable best efforts to make such a request within twenty-one (21) days of discovery. The produced information, including all copies, shall be returned or destroyed within seven (7) business days of such request. If the produced information was produced in electronic form, the Producing Party shall produce within seven (7) business days substitute media not containing the produced information. Any documents or materials that reflect the contents of the produced information shall be returned or destroyed by the Receiving Party. In addition, if the Receiving Party has disclosed such privileged materials to a third party over whom it has control, the Receiving Party shall retrieve such materials and any notes or other documents or materials such third party created that reflect the contents of the privileged material. The Receiving Party shall certify (via email or other written communication) within seven (7) days that the materials have been returned or destroyed.

      If the Receiving Party wishes to challenge the designation, it must inform the Producing Party within seven (7) days of receipt of notice or discovery of the production of allegedly privileged information. Once informed of a challenge to the designation, the disagreeing parties shall telephonically meet and confer in an attempt to resolve each challenge in good faith within 14 days after the Receiving Party informs the Producing Party of the challenge. The Challenging Party must explain the basis for its belief that the privilege designation was not proper. The Producing Party must explain their basis for claiming that the produced material was privileged or subject to other protections.  The Challenging Party may proceed to the next stage of the

challenge only if it has engaged in this meet and confer process. If the Parties cannot resolve a challenge without court intervention, the Receiving Party shall seek an informal telephone conference with the Magistrate Judge in compliance with S.D. Ohio Civ. R. 37.1. If an impasse has been reached, the Receiving Party must file its challenge to the privilege designation with the Court within fourteen (14) days after reaching impasse, unless the Parties agree to a longer schedule. The Receiving Party may maintain a copy of the challenged document solely for the purpose of the privilege challenge until the Court resolves the issue, but may not disclose or otherwise use the document until the Court resolves the issue. The return of any discovery item to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

        11.4    By complying with these obligations, the Receiving Party does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of the information or materials. In the event of a challenge by the Receiving Party to the assertion of privilege with respect to such produced information or materials, the Party asserting the privilege shall submit such materials to the Court for *in camera* inspection. The Party asserting the privilege bears the burden of demonstrating the existence of privilege or immunity from disclosure as to the materials or information at issue. Pending the Court's ruling, a Receiving Party shall not make use of such information or materials in any way and shall not disclose such information to any third party.

**12.    MISCELLANEOUS**

        12.1    Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

        12.2    Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Pursuant to S.D. Ohio Civ. R. 5.2.1, Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a showing that compelling reasons exist to seal and that the request is narrowly tailored to the compelling reasons. *Shane*, 825 F.3d at 305. If a Receiving Party's request to file Protected Material under seal pursuant to S.D. Ohio Civ. R. 5.2.1 is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4 Information Already in the Requesting Party's Possession. Nothing in this Order shall limit or restrict a Requesting Party's use of information that the Requesting Party can demonstrate: a) was lawfully in the Requesting Party's possession before such information was designated as protected material in this litigation and that the Requesting Party is not otherwise obligated to treat as Confidential Information; b) was obtained without any benefit or use of protected material from a third party having the right to disclose such information to the Requesting Party without restriction or obligation of confidentiality; c) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's protected material; or d) has been published to the general public at the time of disclosure to the Requesting Party.

13. **MOTION HEARINGS AND TRIAL**

The terms of this Order shall govern in all circumstances except for presentations of evidence and argument at the preliminary injunction hearing, hearings on dispositive motions

and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

**14. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, hearing transcripts and exhibits, legal memoranda, correspondence, deposition and trial transcripts and exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

    IT IS SO ORDERED.

Date: July 11, 2022                                                    s/ Kimberly A. Jolson
                                                                             KIMBERLY A. JOLSON
                                                                             UNITED STATES MAGISTRATE JUDGE

Approved By:

| | |
|---|---|
| /s/ *Traci L. Martinez* | /s/ *Rachael L. Rodman* |
| Traci L. Martinez (0083989), Trial Attorney | Rachael L. Rodman (0073872), Trial Attorney |
| Jeffrey M. Walker (0096567) | ULMER & BERNE LLP |
| Kathryn M. Brown (0100426) | 65 East State Street, Suite 1100 |
| SQUIRE PATTON BOGGS (US) LLP | Columbus, OH  43215 |
| 2000 Huntington Center | Tel.: (614) 229-0038 |
| 41 South High Street | Fax: (614) 229-0039 |
| Columbus, Ohio  43215 | rrodman@ulmer.com |
| Telephone: +1 614 365 2700 | |
| Facsimile: +1 614 365 2499 | Michael N. Ungar (0016989) |
| traci.martinez@squirepb.com | Nicholas B. Wille (0084604) |
| jeffrey.walker@squirepb.com | ULMER & BERNE, LLP |
| kathryn.brown@squirepb.com | 1660 West Second Street, Suite 1100 |
| | Cleveland, OH 44113 |
| Ronald S. Lemieux (*pro hac vice* pending) | 216.583.7000 (telephone) |
| SQUIRE PATTON BOGGS (US) LLP | 216.583.7001 (facsimile) |
| 1801 Page Mill Road, Suite 110 | nwille@ulmer.com |
| Palo Alto, CA 94304 | |
| United States of America | Brian S. Weinstein, pro hac vice |
| T +1 650 856 6500 | Daniel J. Schwartz, pro hac vice |
| F +1 650 843 8777 | Sean M. Stefanik, pro hac vice |
| ronald.lemieux@squirepb.com | DAVIS POLK & WARDWELL LLP |
| | 450 Lexington Avenue |
| *Attorneys for Plaintiff* | New York, NY 10017 |
| | (212) 450-4000 |
| | brian.weinstein@davispolk.com |
| | daniel.schwartz@davispolk.com |
| | sean.stefanik@davispolk.com |
| | |
| | *Attorneys for Defendants* |

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Ohio in the case of *OCLC, Inc. v. Clarivate, Plc*, No. 2:22-cv-2470-JLG-KAJ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Ohio agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____